Filed 7/16/24  P. v. Brissette CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THOMAS F. BRISSETTE,<br><br>    Defendant and Respondent. | B329579<br><br>(Los Angeles County<br>Super. Ct. No. A532808)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the opinion filed herein on July 11, 2024, be modified as follows:

On page 6, in the Discussion, the word "degree" should be inserted in the last sentence as follows: "We note that as the actual perpetrator of the second degree murder, Brissette is ineligible for resentencing as a matter of law."

There is no change in the judgment.

COLLINS, Acting P. J.        MORI, J.        ZUKIN, J.

Filed 7/11/24  P. v. Brissette CA2/4 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>THOMAS F. BRISSETTE,<br><br>　　Defendant and Appellant. | B329579<br><br>(Los Angeles County<br>　Super. Ct. No. A532808) |

　　　APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Christian R. Gullon, Judge.  Affirmed.

　　　Patricia S. Lai, under appointment by the Court of Appeal, and Thomas F. Brissette, in pro. per., for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 1985, defendant Thomas Brissette pled guilty to second degree murder. He also admitted to personally using a firearm during the commission of the murder and a prior serious felony conviction. In 2022, Brissette filed a petition for resentencing of his conviction pursuant to Penal Code section 1170.95 (1172.6).[1] The trial court denied the petition after an evidentiary hearing, finding beyond a reasonable doubt that Brissette was guilty of second degree murder under the current law as the actual perpetrator. On appeal, appellate counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. Brissette submitted his own letter brief. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Brissette pled guilty to second degree murder (§ 187) and admitted to personally using a firearm during the commission of the murder (§ 12022.5). He also admitted to a prior serious felony conviction (§ 667, subd. (a)(1)). The trial court sentenced Brissette to 22 years to life in state prison.

On June 29, 2022, Brissette filed a petition for resentencing. On November 4, 2022, the People conceded Brissette made a prima facie showing due to the inability "to locate documents from the record of conviction that

---

[1] All further statutory citations are to the Penal Code unless otherwise stated.

Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference, we will refer to the section by its new numbering only.

prove he is ineligible for resentencing as a matter of law." However, on January 9, 2023, the People then opposed the petition for resentencing because Brissette "personally shot and killed" the victim. The People heavily relied on the preliminary hearing transcript to establish Brissette was the actual killer.

On March 27, 2023, the trial court accepted the People's concession that Brissette had made a prima facie case and proceeded to an evidentiary hearing. Brissette testified on his own behalf. After argument from counsel and review of the preliminary hearing transcript, the court denied the petition. The court found beyond a reasonable doubt that Brissette was guilty of second degree murder under the current law as the actual killer.

Brissette timely appealed.

## DISCUSSION

A. *Governing Principles*

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) Senate Bill No. 775 modified the law to "expand the authorization to allow a person who was convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime . . . to apply to have their sentence vacated and be resentenced," and to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as

3

those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," now codified in section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) "If [a] petitioner ma[kes] a prima facie showing for relief, the trial court [is] required to issue an order to show cause for an evidentiary hearing." (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891, citing § 1172.6, subd. (c).) In assessing eligibility at the prima facie stage, the court ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."" (*Lewis, supra*, 11 Cal.5th at p. 971.)

If the trial court determines that the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subd. (c).) At the evidentiary hearing, the parties may rely upon evidence in the record of conviction or new evidence to demonstrate whether the petitioner is eligible for resentencing. (§ 1172.6, subd. (d)(3).) The prosecution bears the burden of proving, "beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) If the prosecution cannot meet its burden, and the petitioner prevails, he is entitled to vacatur of the murder conviction and resentencing as set forth in section 1172.6, subdivision (e).

In determining whether a trial court correctly denied a section 1172.6 petition following an evidentiary hearing, ""we review the factual findings for substantial evidence and the application of those facts to the statute de novo."" (*People v. Williams* (2020) 57 Cal.App.5th 652, 663.)

4

B. *Analysis*

In his letter brief, Brissette contends the trial court violated his right to due process when it denied his resentencing petition. We disagree. Brissette was given a full evidentiary hearing, at which he was represented by counsel and testified on his own behalf. We further disagree with his contention that the court "did not approve" of the process for adjudicating a resentencing petition and, in any event, that it had any bearing on its ruling on the petition. In addition, Brissette's assertion that the People introduced inadmissible evidence at the hearing, specifically a comprehensive risk assessment and parole hearing transcript, is unavailing. Not only does Brissette fail to articulate how these documents are inadmissible but also does not argue that the court relied on these documents. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].) In fact, the only document relied upon by the trial court in issuing its ruling was the preliminary hearing transcript.

Brissette next challenges the sufficiency of the evidence of his murder conviction. He argues that because the two witnesses were not credible, there is insufficient evidence in the record to demonstrate he is guilty of murder under the current law. Because we do not substitute our own evaluation of witness credibility with that of the court, we reject Brissette's argument. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to . . . attack the sufficiency of the evidence supporting the jury's findings"].) Lastly, Brissette argues the court erred in not considering his age at the time of the crime or his status as elderly when denying his petition. However, those are not proper considerations in disposing of a resentencing petition under section

5

1172.6.  (See *People v. Farfan*, *supra,* 71 Cal.App.5th at p. 947.)  We note that as the actual perpetrator of the second murder, Brissette is ineligible for resentencing as a matter of law.

## DISPOSITION

The trial court's postjudgment order denying Bissette's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                            ZUKIN, J.
WE CONCUR:


COLLINS, Acting P. J.


MORI, J.

6